UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RODOLFO JIMENEZ | § | |
| | § | CIVIL ACTION NO._____ |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| Alejandra Garcia, d/b/a Pasteles Blankita | § | Jury Demanded |
| | § | |
| Defendant | § | |

**ORIGINAL COMPLAINT**

Plaintiff Rodolfo Jimenez ("Plaintiff") brings this cause of action against Defendant Alejandra Garcia, d/b/a Pasteles Blankita ("Defendant"). Plaintiff respectfully shows that Defendant failed to pay Plaintiff wages owed for labor rendered in violation of state and federal law for declaratory and injunctive relief, as well as damages and attorneys' fees and cost, against the Defendant for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Texas Minimum Wage Act ("TMWA"), Texas Labor Code § 62.001.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. § 201 *et seq*.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are closely related to Plaintiff's FLSA claims with the Court's original jurisdiction. All claims relate to Defendant's failure to pay adequate wages and thus form part of the same case or controversy under Articles 3 of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events complained

of occurred in relation to the work performed at Pasteles Blankita bakery located in Hidalgo County, Texas.

## PARTIES

4.  Plaintiff is an individual residing in Hidalgo County, Texas.

5.  Defendant Alejandra Garcia is an individual residing in Hidalgo County, Texas.

6.  Defendant Alejandra Garcia does business as Pasteles Blankita in Hidalgo County, Texas.

7.  Pasteles Blankita is a bakery located at 1119 E 9th St., Mission, Texas 78572.

8.  The Defendant can be served at her home, at 1304 E. 29th St., Mission, Texas 78574, or at her place of business, at 1119 E 9th St., Mission, Texas 78572. *Service is requested*.

## STATEMENT OF FACTS

9.  Defendant hired Plaintiff to work at Defendant's bakery.

10. Defendant employed Plaintiff from at least January 2015 to about February 2020.

11. Plaintiff performed work for Defendant from at least January 2015 to February 2020.

12. Plaintiff worked as a baker, cashier, maintenance worker, washed the vehicles, purchased merchandise from retail warehouses, dropped off or picked up cake vases from events, and performed other miscellaneous tasks for Defendant.

13. Defendant failed to pay Plaintiff a salary commensurate with the federal minimum wage.

14. Defendant paid Plaintiff approximately $56.67 a day from January 1, 2015 to January 1, 2018; $73.33 a day from January 1, 2018 to January 1, 2019; and approximately $100 a day from January 1, 2019 to February 1, 2020.

15. During his employment for Defendant, Plaintiff worked twelve hours per day, from

approximately 7:00 a.m. to 7:00 p.m.

16. During his employment for Defendant, Plaintiff worked six days per week (Monday through Saturday).

17. Plaintiff also worked two hours on Sundays occasionally and two hours at events on the weekend about once a month.

18. During his employment for Defendant, Plaintiff worked for Defendant more than forty (40) hours per week.

19. Defendant failed to pay Plaintiff time and a half for each hour worked over forty hours in a given workweek.

20. Plaintiff fears that Defendant may retaliate against him for asserting his legal rights. If Defendant attempts any form of retaliation, Plaintiff intends to avail himself of the protection of this Court, as appropriate.

## CAUSES OF ACTION

**I.   Violation of the Fair Labor Standards Act ("FLSA")**

21. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

22. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

23. Defendant was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 206 and 207. Defendant was integrally involved in running Pasteles Blankita bakery. Defendant exercised control over Plaintiff's work situation, including setting his work schedule and assigning his tasks.

24. As an employee of the Defendant, Plaintiff was engaged in commerce or in production of

goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commercial purposes within the meaning of 29 U.S.C. § 203.

25. Defendant failed to maintain complete and accurate records of the hours Plaintiff worked.

26. Defendant repeatedly and willfully violated, and continues to willfully violate, 29 U.S.C. § 206 by refusing to pay Plaintiff the applicable federal minimum wage for all of his work.

27. Defendant repeatedly and willfully violated, and continues to willfully violate, 29 U.S.C. § 207 by refusing to pay Plaintiff's time and a half for each hour worked over forty (40) hours in a given week.

28. The above-described actions of Defendant violated Plaintiff's rights under the FLSA for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 218(b).

## II. Violation of the Texas Minimum Wage Act ("TMWA")

29. At the times relevant to this action, Plaintiff was employed by Defendant within the meaning of the TMWA, Texas Labor Code, 62.0012(6).

30. During Plaintiff's employment, Defendant failed to pay Plaintiff the state mandated minimum wage for each hour that Plaintiff worked from January 1, 2015 to January 1, 2019.

## III. Promissory Estoppel and Unjust Enrichment

31. Acting in reasonable and detrimental reliance on Defendant's promises regarding the terms and conditions of the employment arrangement, Plaintiff performed various types of work for Defendants, including but not limited to baking, working the cash register, maintenance work, washing the vehicles, purchasing merchandise from retail warehouses, dropping off or picking up cake vases from events, and other duties all of which served to benefit the Defendant.

32. The Defendant intentionally designed her promise regarding the terms and conditions of

the employment arrangement to induce or tacitly encourage the Plaintiff to rely on those promises and to act thereon, to Plaintiff's detriment.

33. If Plaintiff establishes Defendant's liability, then Plaintiff is entitled to compensation for his services provided in order to avoid the unjust enrichment of Defendant.

34. If Defendant is liable to Plaintiff, then Defendant is also liable for damages directly caused by Plaintiff's reasonable and detrimental reliance on Defendant's promises.

## DECLARATORY RELIEF

35. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Tex. Civ. Pr. & Rem. Code §§ 37.001-011.

36. This Court should declare that the Defendant violated Plaintiff's rights under the FLSA and the TMWA.

## MONETARY AND INJUNCTIVE RELIEF

37. As a result of Defendant's violation of federal and state law, Plaintiff has suffered the following damages for which he is entitled to monetary and injunctive relief, including an order requiring Defendant to:

   a. cease her unfair and illegal labor practices;

   b. pay Plaintiff's underpaid wage based on Defendant's failure to provide compensation commensurate with federal minimum wage and overtime law, plus an equal amount in liquidated damages;

   c. pay Plaintiff's underpaid wages based on Defendant's failure to provide compensation commensurate with state minimum wage law, plus an equal amount in liquidated damages; and

   d. pay Plaintiff for the value of Plaintiff's services rendered.

## ATTORNEY'S FEES

38. Plaintiff seeks reasonable and necessary attorneys' fees and costs incurred and may incur in this action as a result of violations of the FLSA, 29 U.S.C. § 216(b), and the TMWA, Texas Labor Code 62.205.

## JURY DEMAND

39. Plaintiff requests that this case be decided by a jury.

## PRAYER

40. For these reasons, Plaintiff respectfully request this Court enter judgment against the Defendant for the following:

   a. Plaintiff's unpaid minimum wages and overtime wages, and an equal amount in liquidated damages;

   b. The value of Plaintiff's services;

   c. Plaintiff's court costs and reasonable and necessary attorneys' fees;

   d. A declaration that Defendant violated Plaintiff's rights under the FLSA and the TMWA.

   e. Pre- and post-judgement interest as provided by law, costs of court, and such other further relief to which Plaintiff may be justly entitled.

DATED:                                        Respectfully Submitted,

7/27/2020                                     /s/ Carlos Moctezuma Garcia
                                              **GARCÍA & GARCÍA ATTORNEYS AT LAW, P.L.L.C.**
                                              Carlos Moctezuma García
                                              *Attorney in Charge*
                                              Texas Bar No. 24065265
                                              SDTX Bar No. 1081768
                                              P.O. Box 4545
                                              McAllen, TX 78502
                                              Phone: 956-630-3889
                                              Facsimile: 956-630-3899
                                              Email: cgarcia@garciagarcialaw.com
                                              *Attorney for Plaintiff Rodolfo Jimenez*