UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RODOLFO JIMENEZ | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00201 |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| Alejandra Garcia, d/b/a Pasteles Blankita | § | Jury Demanded |
| | § | |
| Defendant | § | |

## MOTION TO STRIKE ANSWER OR IN THE ALTERNATIVE, TO STRIKE ANSWER PARTIALLY

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rules of Civil Procedure 12(f), Plaintiff respectfully moves the Court to strike the legally insufficient or legally inapplicable affirmative defenses alleged by the Defendant. In support of this motion, Plaintiff would show the Court as follows:

### I.   INTRODUCTION

Plaintiff filed his Original Complaint on July 29, 2020, alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Texas Minimum Wage Act ("TMWA"), and Texas Labor Code § 62.001, by failing to pay Plaintiff wages owed for labor rendered. On August 24, 2020, Defendant filed an Answer (Dkt. No. 6) containing twenty (20) affirmative defenses. (Dkt. No. 6 at pp. 4-7, ¶¶ 1-20.)

Plaintiff respectfully moves that the Court strike the following affirmative defenses as set forth herein: failure to state a claim upon which relief may be granted, Answer, (Dkt. No. 6 at p. 4, ¶ 1; statute of limitations, *id.* at p. 5, ¶ 2; failure to mitigate, *id.* at p. 6, ¶ 15; doctrines of

1

waiver, estoppel, and/or laches, *id*. at p. 7, ¶ 16; accord and satisfaction, settlement and/or payment and release, *id*., ¶ 17; failure to exhaust administrative remedies, *id*., ¶ 18; and reservation of right to add defenses, *id*., ¶ 20. The Court should also strike the following defenses set out in paragraphs, 3, 6, 7, 13, and 14 on pages 5-6.

These defenses merit striking under Fed. R. Civ. P. 12 because they are either inadequately pleaded and fail to give Plaintiff notice of Defendant's defenses, prejudicing Plaintiff, or they allege defenses that are both inadequately pleaded and legally inapplicable to this case. Furthermore, this Court should strike the defenses described herein because inclusion of irrelevant or vaguely pleaded defenses in the case will cause Plaintiff and Defendant to waste resources during discovery and will needlessly require the Court to evaluate such irrelevant or vague defenses when discovery is complete.

## II.   ARGUMENT

### A. Pleading Standards for Affirmative Defenses and Motions to Strike Affirmative Defenses

Federal Rule of Civil Procedure 8(b)(1)(A) requires a defendant to "state in short and plain terms its defenses to each claim asserted against it." Defenses "are subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). For defenses to which the standard of Rule 8 apply, a defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" with the

pleadings. "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vistein v. A.H. Robins Company*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) is intended to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial and removing unnecessary clutter from the case. *See., e.g., Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009); *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

If a 12(f) motion does not involve a purported insufficient defense, the motion simply tests whether a pleading contains inappropriate material. *See Doe v. Roman Catholic Diocese of Galveston-Houston*, 2006 WL 2413721, at *2 (S.D. Tex. Aug. 18, 2006) *citing Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 332 (N.D.N.Y. 2003); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008). When a responsive pleading does not involve a purported legally sufficient defense, it is reviewed under the standard for assessing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See id*. All well-pleaded factual allegations (but not legal conclusions) are accepted as true and construed in the light most favorable to the non-moving party. *See Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 205 (5th Cir. 2007).

While motions to strike are generally disfavored because they potentially serve only to delay, *see United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975), where motions to strike remove unnecessary matters from the case, they serve to expedite rather than to delay. *See Heller Financial, Inc.*, 883 F.2d 1286 at 1294. An affirmative defense may be properly stricken if the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical*

*Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1057-58 (5th Cir. 1982). An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance. *Fed. Deposits Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

### B. Defendant's Legally Insufficient or Inapplicable Defenses Should be Stricken

Plaintiff respectfully moves that the Court strike several defenses that are legally insufficient and/or inapplicable to the Plaintiff's FLSA claim pursuant to Fed. R. Civ. P. 12(f).

#### 1. Defendant's purported defense of failure to state a claim for which relief can be granted should be stricken with prejudice.

Defendant alleges that "[t]he Complaint fails to state a claim for which relief can be granted." (Dkt. No. 6 at p. 4, ¶ 1). Plaintiff requests that the Court strike this defense with prejudice. The defense of "failure to state a claim" is so broad that it is unclear merely from an assertion of the name of the defense what the nature of the defense may be. *See Lebouef v. Island Operating Co.*, 342 Fed. App'x. 983, 985 (5th Cir. 2009)(the number of affirmative defenses in 8(c) and other deficiencies that can cause failure to state a claim requires the defendant to "provide at least some information that alerts the plaintiff to what the alleged problem is [at the pleadings stage]."). A "defense" that only purports to point out a defect in the plaintiff's *prima facie* case is not an affirmative defense and should be stricken with prejudice. *See Yash Raj Films v. Atl. Video*, 2004 WL 1200184 (N.D. Illinois May 28, 2004) at *2. Plaintiff requests that this defense be stricken with prejudice.

#### 2. Defendant's purported defense of Plaintiff's claims being barred by statute of limitation should be stricken.

Defendant alleges that "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations." (Dkt. No. 6 at p. 5, ¶ 2). Plaintiff requests that this Court also strike this

4

defense. The Defendant fails to identify which claims are supposedly barred, the applicable statute of limitations, or in what way Defendant contends that the claims are barred "in whole or in part." This defense is vague and should be stricken by the court. *See Castillo v. Roche Labs., Inc.*, 2010 WL 3027726, at *3 (S.D. Fla. 2010)("an affirmative defense simply stating that a plaintiff's claims are barred by the statute of limitations is insufficiently pled."). Therefore, Plaintiff requests that Defendant's purported statute of limitation defense be stricken.

### 3. The Court should strike Defendant's purported invocation of defenses, protections, and limitations of the FLSA and TMWA.

The Defendant's third affirmative defense should be stricken because it fails to give Plaintiff notice of Defendant's defense. Defendant's third affirmative defense "invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C § 201 et. seq. ("FLSA") and the Texas Minimum Wage Act ("TMWA")." (Dkt. No. 6 at 5, ¶ 3). Defendant's purported defense is nothing more than a mere statement that consists entirely of legal conclusion and bare assertions without any factual allegations. It fails to provide Plaintiff with any notice of which of the FLSA's "defenses, protections, and limitations" the Defendant intends to rely on as an affirmative defense.

In *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM-29DNF, 2015 WL 1648888 (M.D. Fla. Apr. 13, 2015), the defendants similarly invoked the defenses, protections and limitations of the FLSA as an affirmative defense. In that case, the court held that because the defense was "in the broadest possible terms and did not provide any information connecting them to [the p]laintiff's claims," it failed to notify the plaintiff of the "issue(s) [the d]efendants seek to raise and therefore [was] precisely the type of bare-bone conclusory allegations that must be stricken." *Id*. at 2. *See also Fernandes v. WMOC LLC*, 2018 WL 490133, *1 (S.D. Tex. Oct.

5

9, 2018)(applying the same analysis and conclusion to strike defendants' affirmative defense invoking the defenses, protections and limitations of the FLSA).

### 4. Defendant's purported defense of failure to mitigate should be stricken with prejudice.

Defendant asserts that the "Plaintiff has failed to mitigate his alleged damages." (Dkt. No. 6, at p. 6, ¶ 15. This defense should also be stricken with prejudice. The Defendant asserts no facts supporting this defense and offers no theory of how Plaintiff failed to mitigate. In addition, a plaintiff has no duty to mitigate minimum wage damages under the FLSA. *See, e.g., Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010); *Lopez v. Autoserve, LLC*, No. 05 C, 3554 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005); *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1319-20 (S.D. Fla. 2005). Therefore, this defense should be stricken with prejudice.

### 5. Defendant purported defense of waiver, estoppel, and/or laches should be stricken.

Defendant asserts that "Plaintiff claims are barred by the doctrine of waiver, estoppel, and/or laches." (Dkt. No. 6, at p. 7 ¶ 16). These defenses should be stricken because they are facially inapplicable to Plaintiff's FLSA claim.

As to the defense of laches, the doctrine is inapplicable when Congress has provided a statute of limitations to govern the action. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 586 (9th Cir. 1993). Actions under the FLSA are subject to the statute of limitations under the Portal-to-Portal Act, 29 U.S.C. § 255(a), so laches does not apply to FLSA claims, *see, e.g., Mark v. Labar*, No. 08-80645-CIV, 2009 WL 909478, at *2 (S.D. Fla. Apr. 1, 2009); *Morrison*,

434 F. Supp. 2d at 1320. The court should therefore strike Defendant's defense of laches as applied to the FLSA claim.

As to the defense of waiver, courts have long held that individuals cannot waive their rights under the FLSA. *See Barrentine v. Arkansas-Best Freight Systems*, 450 U.S. 728, 740 (1981)(observing that Supreme Court decisions "have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and overtime pay under the Act."). Moreover, Defendant's complaint contains no factual allegations that would suggest that the Plaintiff has waived his rights. Courts have not hesitated to dismiss such boilerplate defenses without prejudice when the defendants have merely named them. *See., e.g. Woodfield*, 193 F.3d at 362 (waiver); *Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434 at *7 (E.D. Wisc. Jan. 7, 2008)(waiver, estoppel). As the court noted in *Woodfield*, "baldly 'naming' the broad affirmative defenses of 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question." *Woodfield*, 193 F.3d at 362. Thus, this defense should be stricken with prejudice.

The affirmative defenses stated above, including Defendant's estoppel defense, as pled are legally insufficient and should be stricken by the court. These defenses are nothing more than bare recitations of boiler-plate affirmative defenses. The defense fails to provide fair notice to the Plaintiff and should be stricken.

### 6. Defendant purported defense of accord and satisfaction, settlement and/or payment and release should be stricken.

As to the defense of accord and satisfaction, the defense is generally inapplicable to FLSA cause of action. *See, e.g., Aguilar v. ABC Supply Co.*, No. 2-10-CV-141-FtM-36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010); *Pena v. Coastal QRS LCC*, No.

2010-CV-60-FtM-29DNF, 2010 WL 1838264, at *3 (M.D. Fla. May 4, 2010); *Morrison*, 434 F. Supp. 2d at 1320. The doctrine of release, like the doctrine of accord and satisfaction, is not a valid defense in a private action brought under the FLSA. *Id*. The Defendant also fails to suggest how any of the defenses, including settlement and/or payment, might apply to this case and fails to provide any factual support of the purported defenses. Thus, these defenses should also be stricken.

### 7. Defendant's purported defense of failure to exhaust administrative remedies should be stricken with prejudice.

Defendant asserts that "Plaintiff has failed to exhaust administrative remedies." (Dkt. No. 6 at p. 7, ¶ 18. This purported defense should be stricken because the FLSA does not require any administrative exhaustion. Section 216(b) of the FLSA provides a private right of action for aggrieved employees and does not require an administrative process before filing suit. Furthermore, courts have held that plaintiffs do need not exhaust administrative remedies under the FLSA. *See Ososky v. Wick,* 704 F.2d 1264, 1265-66 (D.C. Cir. 1983)(holding that Equal Pay Act, an amendment to the FLSA, did not require exhaustion of administrative remedies and that failure by Congress to include administrative remedies provision reflected congressional intent not require exhaustion of administrative remedies); *see also Cox v. University of District of Columbia*, 1980 WL 318 (D.D.C. Dec. 3, 1980). Thus, this purported defense should be stricken.

### 8. The Court should strike Defendant's purported defense reserving the right to add defenses.

The Court should strike the Defendant's defense to "reserve the right to assert further affirmative defenses as they become evident through discovery investigation." (Dkt. No. 6 at p.7,

¶ 20. Such a purported reservation, however, is a legal nullity and not an affirmative defense, in that amendment of the pleadings is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure and not subject to any party's unilateral arrogation of a reservation of the right to amend. *See Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 WL 1022031, at *4 (S.D. Ohio Feb. 9, 2015); *Palmer-Tech Servs., Inc.*, No. 5:14-CV-198-REW, 2014 WL 12650062, at *3 (E.D. Ky. Oct. 29, 2014); *Paduch River Painting, Inc. v. McNat'l Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011); *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1452 (W.D. Mich. 1989). This reservation of right to add defense is not a defense, and the court should strike it.

9. **The court should also strike Defendant's seventh, eleventh, thirteenth, and fourteenth purported affirmative defenses because they fail to give Plaintiff fair notice.**

Defendant's seventh, eleventh, and fourteen affirmative defenses should also be stricken because they are mere denial statements. These purported defenses are too vague to give Plaintiff notice of the Defendant's purported defense. The Defendant also failed to allege any facts to support any of these defenses. They are legally insufficient defenses and fail to provide fair notice and must be stricken.

### PRAYER

As this motion has demonstrated, nearly all of Defendant's affirmative defense are without merit.  Plaintiff therefore respectfully requests that the Court grant this motion and enter an order striking Defendant's purported affirmative defenses stated above.

DATED: 9/14/20                                          Respectfully Submitted,

/s/ <u>Carlos M. Garcia</u>
**GARCÍA & GARCÍA ATTORNEYS AT LAW, P.L.L.C.**
Carlos Moctezuma García
*Attorney in Charge*
Texas Bar No. 24065265
SDTX Bar No. 1081768
P.O. Box 4545
McAllen, TX 78502
Phone: 956-630-3889
Facsimile: 956-630-3899
Email: cgarcia@garciagarcialaw.com
*Attorney for Plaintiff Rodolfo Jimenez*

CERTIFICATE OF SERVICE

I, Carlos Moctezuma Garcia, hereby certify that on September 14, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will serve a copy on all parities of record.

CERTIFICATE OF CONFERENCE

I, Carlos Moctezuma Garcia, hereby certify that I have conferred with Timothy A. Davis regarding Motion to Strike Answer or in the Alternative, to Strike Answer Partially, and he is Opposed.